·(37 Misc. Rep. 667.)

### In re HAWLEY'S ESTATE.

(Surrogate's Court, Saratoga County.   April, 1902.)

.RIGHT TO ADMINISTER—NIECE.
    A grandnephew is not entitled to administer in preference to a niece
    of a decedent, under Code Civ. Proc. § 2660, providing that, if several
    persons of the same degree of kindred are entitled to administer. men
    must be preferred to women, a niece being one degree nearer to the in-
    testate than a grandnephew.

In the matter of the application of George H. Tuite for letters of
.administration of the estate of Catherine Hawley, deceased, his grand-
aunt, and the application of Fannie Van Norden, niece of the de-
·ceased.   Letters granted to Fannie Van Norden.

C. A. Waldron, for the motion.
Thomas O'Connor, opposed.

LESTER, S.   The order appointing administrators which pur-
ports to have been entered by my predecessor in office on the 16th
day of October, 1901, is not signed by the surrogate, and does not
seem to have been entered by his express direction.   It appears to
have been entered unadvisedly, and through inadvertence, by the
clerk; and both parties to this proceeding agree that it should be
·vacated.

The petitioner Fannie Van Norden claims to be entitled to such
letters because she is of nearer kin to the intestate than George
H. Tuite.   The latter claims to have a prior right by virtue of the
following provision contained in section 2660 of the Code of Civil
Procedure: "If several persons of the same degree of kindred to
the intestate are entitled to administration, they must be preferred
in the following order:  First, men to women."   Both of the pres-
ent claimants are included in the eighth class mentioned in the pre-
vious portion of the section, and the argument of the counsel for
the petitioner Tuite is that it is the intention of the statute that this
preference of men to women shall apply to all who are included in
the same class.   This, however, is not in accordance with the lan-
guage of the provision which makes it applicable only to "persons
of the same degree of kindred to the intestate."   The language of
this provision contains an implication that, as between those of dif-
ferent degrees of kindred to the intestate, those of nearer kin are
preferred to those of kindred more remote.   On no other theory
can the language of this provision lead to a reasonable result, and
it would do violence to the plain import of the words if the inter-
pretation claimed by the petitioner Tuite were given to them; for
the words "persons of the same degree of kindred" would then be
interpreted to mean persons· of different degrees of kindred who
might be included in the same class.   The whole scheme of prefer-
ences is based upon nearness of kin to the intestate.   Priority of
application is not a ground of preference except among creditors.
Nor can the grandnephew, George H. Tuite, stand in the place of
his mother, who was one degree nearer of kin to the intestate than
he, so as to be entitled to the prior right she would have had if liv-

ing. I am clearly of the opinion that in the present case the niece is to be preferred to the grandnephew. An order may therefore be entered vacating the order of October 16, 1901, directing letters of administration to issue to George H. Tuite and Fannie Van Norden jointly, and granting letters to the said Fannie Van Norden.

Decreed accordingly.

(37 Misc. Rep. 716.)

In re WEEDEN'S ESTATE.

(Surrogate's Court, Saratoga County. April, 1902.)

1. WILL—CONSTRUCTION—LIFE ESTATE.

Testatrix bequeathed to her husband the use and occupancy of her estate, both real and personal, during his life, and "to such extent as he may deem necessary for his comfort"; at his decease, the property to go to testatrix's granddaughter. *Held*, that the husband took a life estate, with a right to use so much of the principal as he might deem necessary.

2. SAME

Where the life tenant under a will had the right to use as much of the principal as he deemed necessary for his comfort, the principal which he used himself, or which he paid to one who kept house for him, will be deemed to have been expended by the life tenant under the authority given by the will.

Proceeding by Lee Smith, administrator with the will annexed of Emma A. Weeden, to compel Charles D. Gardner and James C. Weeden, as executors of William C. Weeden, deceased, executor of Emma A. Weeden, to account. Decree rendered.

William J. Delaney, for administrator, etc., of Emma A. Weeden. Willard J. Miner, for executors of William C. Weeden.

LESTER, S. Emma A. Weeden died at Greenfield, Saratoga county, April 16, 1896, leaving a last will and testament, which was afterward admitted to probate by the surrogate of Saratoga county, by which she appointed William C. Weeden the executor thereof. Letters testamentary were duly issued to the said William C. Weeden, and thereafter, and on the 14th day of November, 1900, said executor died, also leaving a last will and testament appointing Charles D. Gardner and James Waldron executors thereof, which last-mentioned will was thereafter duly admitted to probate by said surrogate, and letters testamentary were thereupon duly issued to the executors named therein. After the death of the said William C. Weeden, Lee Smith was duly appointed administrator with the will annexed of the goods, chattels, and credits of the said Emma A. Weeden; and said administrator now claims that the said William C. Weeden had at the time of his decease, or had received prior thereto, certain assets of the estate of the said Emma A. Weeden, for which his estate is now accountable. This claim the executors of William C. Weeden dispute. The parties have agreed upon the facts involved in the controversy, and have stipulated to submit the matters in difference between them to the judgment of the surrogate.

The parties have proceeded upon the theory that this is such a claim as is contemplated by section 2718 of the Code of Civil Pro—